# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

RONALD EARLE RUSHIN,

    Plaintiff,

VS.                CIVIL NO. 5:17-CV-0004-MTT

Warden CEDRIC TAYLOR,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff Ronald Earl Rushin, a detainee currently confined at the Coffee County Correctional Facility in Nichols, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in this action without prepayment of the $350.00 filing fee. After a review of Plaintiff's submissions, the Court finds that Plaintiff may not proceed *in forma pauperis*, as three of his prior federal lawsuits were dismissed for failure to state a claim and count as "strikes" under 28 U.S.C. § 1915(g). His Motion to Proceed *in forma pauperis* is accordingly **DENIED**, and his Complaint is **DISMISSED** without prejudice.

## I.    Motion to Proceed *in forma pauperis*

Plaintiff has moved for leave to proceed without prepayment of the filing fee. Federal law prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

if [he] has, on 3 or more prior occasions, while incarcerated or detained in

> any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). If a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave may not be granted unless the prisoner alleges an "imminent danger of serious physical injury." *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed dozens of lawsuits in federal court and that at least three of his complaints were dismissed for failure to state a claim. *See Rushin v. Obriens*, No. 1:10-CV-2106-RLV, ECF No. 2 (N.D. Ga. July 29, 2010) (dismissed as frivolous); *Ash[1] v. Adamson*, No. 4:10-CV-55-CDL, ECF No. 12 (M.D. Ga. June 30, 2010) (dismissed as frivolous and for failure to state a claim); and *Rushin v. Freeman*, No. 1:05-CV-1699-RLV, ECF No. 2 (N.D. Ga. Aug. 16, 2005) (dismissed for failure to state a claim). Because of this, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger" exception in § 1915(g). *See Medberry*, 185 F.3d at 1193.

This Court must, therefore, review the facts alleged in Plaintiff's Complaint (and the

---

[1] According to court records, Plaintiff also goes by the name "Ronald Ash."

2

attachments thereto), to determine whether his claims warrant an exception to the three strikes rule. When reviewing a *pro se* complaint for this purpose, the district court must accept all factual allegations in the complaint as true and view all allegations of imminent danger in Plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In this case, Plaintiff attempts to satisfy the "imminent danger" exception by alleging that prison officials are trafficking illegal drugs and other contraband within Wilcox State Prison, "placing [Plaintiff] in cells with drug addicts," and "promoting violence through their noncompliance with GDC rules." These general allegations are, however, not sufficient to support a finding of imminent danger, as Plaintiff fails to allege specific facts to show that there is a real (as opposed to potential) and imminent threat to his physical safety. *See Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (exception to §1915(g) is to be applied only in "genuine emergencies," when "time is pressing," and the threat is shown to be both "real and proximate."); *White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998) (vague and unsupported claims of possible dangers are not sufficient to warrant exception to § 1915(g)). What is more, the claims in Plaintiff's Complaint are based on conditions and events occurring at Wilcox State Prison. Plaintiff was transferred to the Coffee County Correctional Facility shortly after he filed this lawsuit[2] and was thereby removed from any perceived imminent threat of serious physical injury at Wilcox State Prison. *See Medberry*, 185 F.3d at 1193.

---

[2] *See* Notice of address change, ECF No. 4.

## II. Conclusion

For these reasons, Plaintiff's Motion to proceed *in forma pauperis* is **DENIED**. When the district court denies a prisoner leave to proceed *in forma pauperis* pursuant to § 1915(g), the proper procedure is for the court to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff's Complaint is, therefore, **DISMISSED** without prejudice to his right to refile (within the relevant statute of limitations) with full payment of the Court's filing fee.

**SO ORDERED**, this 28thday of April, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT